# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PANASONIC ENTERTAINMENT & COMMUNICATION CO., LTD., <br> *Plaintiff,* <br> v. <br><br> OPTIMUM IMAGING TECHNOLOGIES LLC, <br> *Defendant.* | § § § § § § § § § <br><br> Civil Action No. 4:24-CV-847 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Panasonic Entertainment & Communication Co., Ltd.'s Motion to Dismiss Pursuant to Rule 41(a)(1)(A)(i) (Dkt. #53). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This case arises from an alleged patent infringement of four of Defendant's patents (Dkt. #1 at pp. 22, 31, 41, 49) (collectively, the "Asserted Patents"). Plaintiff alleges in its Complaint for Declaratory Judgment that Defendant infringed on the Asserted Patents when it "import[ed] . . . s[old] . . . and/or offer[ed] for sale in the United States cameras and lenses (and components of the same) that are not made or licensed by [Defendant]" (Dkt. #1 at p. 21). On June 7, 2024, Defendant moved to transfer, or alternatively, dismiss the declaratory judgment action (Dkt. #21). The court granted the motion (Dkt. #47). Shortly thereafter, Plaintiff moved to voluntarily dismiss the case under FED. R. CIV. P. 41 (Dkt. #48). Defendant filed its Answer the following day (Dkt. #50).

## LEGAL STANDARD

"Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court." *Flexiworld Techs., Inc. v. Amazon.com, Inc.*, No. W-20-CV-00553-ADA, 2021 WL 12301178, at *1 (W.D. Tex. Oct. 1, 2021) (quoting *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002)). "Transfer is not complete the moment a case is electronically sent to an out-of-circuit court. Rather, ***the case must be both sent and docketed for a transfer to be complete.***" *In re Space Expl. Techs., Corp.*, No. 24-40103, 2024 WL 982501, at *1 (5th Cir. Feb. 26, 2024) (emphasis added) (quoting *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987)); *see also Conecsus, LLC v. Filter Tech., Ltd.*, No. 3:21-CV-1034-D, 2021 WL 3725940, at *1 (N.D. Tex. Aug. 23, 2021) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991)) ("The date the papers in the transferred case are docketed in the transferee court . . . forms the effective date that jurisdiction in the transferor court is terminated."). "We adopt the docketing date as the time of effective transfer . . . . Once jurisdiction is properly obtained . . . it is not terminated by the subsequent completion of a section 1404 transfer." *In re Space Expl. Techs.*, 2024 WL 982501, at *1 (quoting *Belzberg*, 834 F.2d at 733).

## ANALYSIS

The question before the Court is whether the Northern District of California ("N.D. Cal.") or this district held jurisdiction over this case when Plaintiff filed its Notice of Voluntary Dismissal. On September 23, 2024, the N.D. Cal court granted Defendant's motion to transfer on the grounds of "convenience and fairness" (Dkt. #47 at p. 9). Plaintiff filed its Voluntary Dismissal

after the N.D. Cal. court ordered transfer but "***before*** the DJ Case[1] was electronically transferred, ***before*** it was docketed in Texas, and ***before*** [Defendant] filed an answer" (Dkt. #53 at p. 4). Defendant asserts, however, that by this time, the "case in N.D. Cal. was closed," nullifying Plaintiff's attempted dismissal (Dkt. #54 at p. 3). Where, as here, one federal district court transfers a case to another, federal law as interpreted by the transferee court (i.e., this court) applies. *In re Taasera Licensing LLC, Patent Litig.*, No. 2:22-CV-00468-JRG, 2023 WL 2716540, at *2 (E.D. Tex. Mar. 29, 2023) (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2nd Cir. 1993)) ("[A] transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit."). This circuit's stance on transfer law is clear: transfer completes when a case is ***electronically sent and docketed*** in the transferee court. *See, e.g.*, *In re Space Expl. Techs.*, 2024 WL 982501 at *1 (quoting *Belzberg*, 834 F.2d at 733) ("[T]he case must be both sent and docketed for a transfer to be complete."); *Conecsus*, 2021 WL 3725940 at *1 (quoting *Chrysler Credit*, 928 F.2d at 1517) ("The date the papers in the transferred case are docketed in the transferee court . . . forms the effective date that jurisdiction in the transferor court is terminated.").

To determine whether transfer was complete—and, by extension, which district held jurisdiction over Plaintiff—at the time Plaintiff filed its Voluntary Dismissal, the Court must compare the time the notice was filed to the time at which this case was electronically sent and docketed. The timeline below illustrates the relevant sequence of events:

---

[1] The "DJ Case" refers to the action in which Plaintiff tried to remedy a misdirected declaratory judgment complaint filed in N.D. Cal., where Defendant's principal lives and operates (Dkt. #53 at p. 2). *See* Complaint, *Optimum Imaging Tech. LLC v. Panasonic Corp.*, No. 4:23-CV-926-ALM (E.D. Tex. Oct. 18, 2023), ECF No. 16.

3

| Case Timeline | | | |
|---|---|---|---|
| Date | Time | Event | Dkt. No. |
| September 23, 2024 | 11:48 AM PT | Order Granting Plaintiff's Motion to Transfer or, in the Alternative, Dismiss | 47 |
| | 1:31 PM PT | Notice of Voluntary Dismissal by Plaintiff | 48 |
| | 3:49 PM PT | Case Electronically Transferred to the Eastern District of Texas | N/A |
| September 24, 2024 | 10:36 AM CT | Case Transferred from the Northern District of California | 49 |
| | 1:56 PM CT | Case Assigned to Judge Mazzant | N/A |
| | 6:57 PM CT | Answer to Complaint | 50 |

This timeline shows that Plaintiff filed its Notice of Voluntary Dismissal before the case was *either* sent electronically *or* docketed, and before Defendant filed its Answer. Defendant has not contested these facts, nor can it (Dkt. #55 at p. 1; *see generally*, Dkt. #54). At the time of Plaintiff's filing, then, N.D. Cal actively retained jurisdiction over the case despite having entered an order granting transfer. During that time, Plaintiff had an "automatic, absolute, and unfettered right to obtain a dismissal without prejudice without the need of a court order." *Crotts v. Robinson*, No. 21-20347, 2022 WL 2913747, at *1 (5th Cir. July 22, 2022). Accordingly, the Court will uphold Plaintiff's right and find that its Motion should be **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Panasonic Entertainment & Communication Co., Ltd.'s Motion to Dismiss Pursuant to Rule 41(a)(1)(A)(i) (Dkt. #53) is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 10th day of December, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE